

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

<u>**UNDER SEAL**</u>

WITH ONE *EX PARTE* EXHIBIT

IN RE: APPLICATION OF THE UNITED ) 
STATES OF AMERICA FOR ORDER ) 
PURSUANT TO 18 U.S.C. § 2703(d) )        Case No. 1:20-DM-00012 (AJT)
)

GOVERNMENT'S MOTION FOR RECONSIDERATION OF DECEMBER 16, 2020
ORDER GRANTING IN PART AND DENYING IN PART WARNER MEDIA'S
OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S DENIAL OF MOTION
TO QUASH OR MODIFY ORDER ISSUED PURSUANT TO 18 U.S.C. § 2703(D)

The United States moves for reconsideration of this Court's Order of December 16, 2020,

granting in part and denying in part Warner Media's Objections to and Appeal from Magistrate

Judge's Denial of Motion to Quash or Modify Order Issue Pursuant to 18 U.S.C. § 2703(d).

With this motion for reconsideration, we provide the Court - - on an *ex parte* basis - -

with an unclassified declaration from the FBI case agent that provides additional information.

(Exhibit 1).  As the Court will see, the affidavit explains how the Court's December 16th Order,

which limits production of non-content information sent and received from the email account

Barbara.Starr@turner.com (the "Target Account") to only government and military email

addresses, significantly hinders the government's ongoing criminal investigation.  With a more

complete factual basis before it, we ask the Court to reconsider its ruling, and order Warner

Media at least to produce all non-content information sent or received from the Target Account

email to **all** non –"@turner.com" email addresses ("External Emails").[1]  While we are not

presently requesting the Court to reconsider its denial of the government's access to non-content

---

[1] By definition, External Emails include all non-content user activity information
between the account Barbara.Starr@turner.com and email accounts of individuals not employed

information relating to communications between the Target Account and other "@turner.com" email address ("internal emails"), we nevertheless preserve our right to seek to acquire information concerning those purely internal emails later, as the investigations proceeds; this is consistent with the Court's December 16, 2020 Order (December 16 Order), which was issued "without prejudice to the Government's renewal of its broader request based on additional information." (Exhibit 2).

### Background

On September 11, 2020, Warner Media filed a Motion to Quash or Modify Order Issued Pursuant to 18 U.S.C. § 2703(d) (the "Motion to Quash"). The Motion to Quash sought to modify or quash a sealed order issued pursuant to 18 U.S.C. § 2703(d) by U.S. Magistrate Judge Ivan D. Davis (the "Turner Order") on July 15, 2020. The government filed a response in opposition to the Motion to Quash on September 24, 2020.

On October 7, 2020, Magistrate Judge Buchanan granted Warner Media's Motion to Quash. On October 9, 2020, the government moved for reconsideration of Judge Buchanan's October 7th Order. On October 26, 2020, Judge Buchanan granted the government's motion for reconsideration, and ordered Warner Media to comply with the Turner Order. On November 9, 2020, Warner Media filed its objections and appeal before this Court. On November 30, 2020, the government filed a brief in opposition to Warner Media's appeal. On December 16, 2020, after hearing arguments from the parties, this Court modified the Turner Order, and ordered Warner Media to produce "non-content information sent or received from the email account Barbara.Starr@turner.com from government or military email addresses." (Exhibit 2). The

---

by Warner Media or CNN. Specifically, External Emails includes email chains where at least one person in a message's address line is not employed by Warner Media or CNN.

December 16 Order was issued "without prejudice to the Government's renewal of its broader

request based on additional information." *Id.*

Argument

Motions for reconsideration are permitted in both civil and criminal proceedings. *See,*

*e.g., United States v. Hooker,* 200 F.Appx. 237, 2006 WL 2683289 (4th Cir. September 19,

2006), *citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998)

(accounting for new evidence not available at trial is an appropriate grounds for a motion for

reconsideration); *Klapprott v. United States,* 335 U.S. 601, 614-615 (1949) (holding "other

reason" clause of Fed. R. Civ. P. 60(b) "vests power in courts adequate to enable them to vacate

judgements whenever such action is appropriate to accomplish justice."); *see also U.S. v. Ibarra,*

502 U.S. 1, 5 (1991) (per curiam) (reaffirming that motions for reconsideration in criminal cases

provide district courts with an opportunity to correct their own errors and "prevent[] unnecessary

burdens being placed on the court of appeals").

Whether proceedings under § 2703(d) are civil or criminal in nature, reconsideration is

appropriate here because this Court issued its Order of December 16, 2020, "without prejudice to

the Government's renewal of its broader request based on additional information" - - and there is

new information, provided through FBI Special Agent Jett's Third Declaration (*see* Exhibit 1),

that supports a different result. The new information bears on the Court's decision to limit the

requested production to data associated with communications between the Target Account and

.mil and .gov addresses. Before this Court issued its December 16 Order, no one had suggested

that the requested production should be limited in that manner. *See* Exhibit 3, Dec. 16, 2020

Hr'g Tr. 10: 10-14 (Counsel for Warner Media, Paul Wolfson, arguing, "For example, why are

the purely internal communications necessary at this juncture? Why can't the government go

3

step-by-step and seek the external ones first and then the internal ones as another option?"). The

government therefore had not addressed the harm that would be caused to the investigation by

imposing such a limitation. Accordingly, based on the new information provided regarding the

limitation imposed, as well as this limitation not having been previously sought by Warner

Media, the government requests the Court to reconsider its December 16 Order, and order

Warner Media to produce all External Emails.

Conclusion

For the foregoing reasons, the government requests that the Court reconsider its Order of

December 16, 2020.

Respectfully submitted,

John C. Demers                                    G. Zachary Terwilliger
Assistant Attorney General                        United States Attorney
National Security Division
United States Department of Justice


David Lim                                         Gordon D. Kromberg
Trial Attorney                                    Assistant United States Attorney
Special Assistant United States Attorney          Virginia Bar No. 33676
Virginia Bar No. 99999                            Attorney for the United States
Attorney for the United States                    2100 Jamieson Avenue
950 Pennsylvania Ave., NW                         Alexandria, VA 22314
Washington, DC 20530                              (703) 299-3700
(202) 598-3449                                    (703) 837.8242 (fax)
David.Lim2@usdoj.gov                              gordon.kromberg@usdoj.gov

4

Certificate of Service

I hereby certify that on January 15, 2021, I transmitted by email the foregoing Motion for

Reconsideration of December 16, 2020 Order, granting in part and denying in part Warner

Media's Objections to and Appeal from Magistrate Judge's Denial of Motion to Quash or

Modify Order Issue Pursuant to 18 U.S.C. § 2703(d), to the following:

> Brittany Amadi at Brittany.amadi@wilmerhale.com
> Aaron Zebley at aaron.zebley@wilmerhale.com
> Whitney Russell at whitney.russell@wilmerhale.com

Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Assistant United States Attorney
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA  22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov

## **TABLE OF EXHIBITS**

1. Exhibit 1:    *Ex Parte* Declaration from FBI Special Agent Steve Jett

2. Exhibit 2:    Judge Anthony J. Trenga's December 16, 2020 Order

3. Exhibit 3:    December 16, 2020 Hearing Transcript