IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR ORDER PURSUANT TO 18 U.S.C. § 2703(d) | )<br>)   Case No. 1:20dm12<br>) |

CONSENT ORDER

WHEREAS, on August 31, 2021, Warner Media, LLC moved the Court to unseal certain documents in the above-captioned matter (Dkt. 21);

WHEREAS, on September 10, 2021, and September 24, 2021, this Court granted consent motions to extend the time for the government to respond to that motion until November 24, 2021 (Dkt 23, 25);

WHEREAS, the documents remaining under seal in this matter are the following documents that were filed on an *ex parte* basis by the government:

1. The application for an order pursuant to 18 U.S.C. § 2703(d), filed with Magistrate Judge Ivan D. Davis on July 14, 2020 ("the 2703(d) Application");

2. The classified addendum filed with the government's opposition to Warner Media's motion to quash, filed on September 24, 2020 (the "First Declaration");

3. The classified addendum filed with the government's motion for reconsideration of Magistrate Judge Theresa Buchanan's order from the bench, filed on October 9, 2020 (the "Second Declaration"); and

4. The addendum filed with the government's motion for reconsideration of this Court's December 16, 2020 order, filed on January 15, 2021 (the "Third Declaration").[1]

---

[1] Warner Media seeks the following additional materials in its motion: "the government's *ex parte* exhibits 1, 5A, and 8A to its November 30, 2020 response in opposition to Warner Media's appeal (docketed as Attachments 1, 6, and 11 to docket entry)." Mot. at 1. These exhibits are duplicates of items 1, 2 and, 3, listed in the text above. Exhibit 1 is the 2703(d) Declaration; Exhibit 5A is the First Declaration; and Exhibit 8A is the Second Declaration.

In Re Application . . . for Order Pursuant to 18 U.S.C. 2703(d)
Case No. 1:20dm12
Consent Order to Unseal
Page 2

      WHEREAS, court documents filed under seal properly are maintained under seal when sealing is necessary to protect the integrity of an ongoing investigation, national security, and/or sources and methods of investigation. If sealing is not necessary to protect such values, then the documents should be unsealed. *Baltimore Sun v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989) (documents should be unsealed unless sealing is "essential to preserve higher values and is narrowly tailored to serve that interest");

      WHEREAS, the four documents at issue properly were filed under seal because, at the time they were filed, sealing was necessary to protect the integrity of an ongoing investigation, national security, and/or sources and methods of investigation. For those same reasons, sealing of the First Declaration and the Second Declaration remains necessary today;

      WHEREAS, now, more than 10 months later, maintenance of that sealing is not necessary for the 2703(d) application, because, in the government's judgment, disclosure of that document will not harm an ongoing investigation, damage national security, or disclose sources and methods of investigation;

      WHEREAS, for the same reasons, maintenance of that sealing is not necessary for a redacted version of the Third Declaration, and maintenance of the remainder of that document under seal is, in the government's judgment, "narrowly tailored" to preserve the legitimate interests of the government listed above;

      WHEREAS, in light of the unsealing of the 2703(d) application and a redacted version of the Third Declaration, and in reliance on the government's representation that sealing of the redacted portions of the Third Declaration and the entirety of the First Declaration and the

In Re Application . . . for Order Pursuant to 18 U.S.C. 2703(d)
Case No. 1:20dm12
Consent Order to Unseal
Page 3

Second Declaration remains necessary to protect the integrity of an ongoing investigation, national security, and/or sources and methods of investigation, Warner Media withdraws the remainder of its motion to unseal;

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

    1.    The 2703(d) Application and the redacted version of the Third Declaration attached to this Order are unsealed.

    2.    The remainder of Warner Media's motion (Dkt 21) is denied as moot.

    3.    The motion to unseal (Dkt 21) as well as the motions to extend time to response to that motion and the Court's orders extending the time to respond to that motion (Dkt 22, 23, 24, 25) be and are unsealed.

Date: _____
    Alexandria, Virginia

_____
Ivan D. Davis
United States Magistrate Judge